UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re: )     Bankr. No. 19-50169
)     Chapter 13
)
TYRA LEE AUSTIN )     PLAN DATED OCTOBER 1, 2019
SSN/ITIN xxx-xx-8652 )
)
          Debtor. )

## Part 1. Notice of Certain Items

The following items may be of particular importance to some creditors. Creditors and other parties in interest are given notice of them pursuant to Federal Rule of Bankruptcy Procedure 3015.1.

| 1.1 | Nonstandard provisions. | ☐ Included in Part 8 | ■ Not Included |
|---|---|---|---|
| 1.2 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included in Part 5.3 | ■ Not Included |
| 1.3 | Avoidance of a judicial lien or a nonpossessory, nonpurchase money security interest on property claimed exempt. | ☐ Included in Part ___ | ■ Not Included |

## Part 2. Plan Term and Debtor's(s') Payments to Trustee

**2.1 Plan term.** Debtor(s) will make the first plan payment on or before October 19, 2019 and the last plan payment on or before September 19, 2022.

**2.2 Debtor's(s') payments to the trustee.** Debtor(s) will pay $160.00 per month to the chapter 13 trustee for 36 months, for a total of $5,760.00

During the plan term, Debtor(s) will give the trustee a copy of each federal income tax return at the same time the return is filed. Debtor(s) will also turn over to the trustee any federal income tax refunds Debtor(s) receives( ), after any statutory set-off by the Internal Revenue Service, for tax years 2019, 2020, 2021.

Debtors also commit to the plan any disposable income, as defined by 11 U.S.C. § 1325(b)(2), that Debtors receive in the first 36 months of the plan, beginning October 19, 2019 and ending September 19, 2022.

## Part 3. Treatment of Administrative Expenses and Other Priority Claims

**3.1 Trustee fees.** The trustee's fees will be paid from Debtors' plan payments, including any tax refunds or disposable income committed to the plan, at the rate provided by 11 U.S.C. § 326(b) and 28 U.S.C. § 586(e).

**3.2 Debtor's(s') attorney fees.**
☐ *No such claim owed.*

After Debtor's(s') attorney files and gives notice of a fee application, the Court will enter an order awarding the attorney fees consistent with 11 U.S.C. § 330. The attorney fees awarded will be paid as follows:

| Estimated total fees paid through plan | Estimated payments |
|---|---|
| $4,000.00 | $143.00 per month for 28 months beginning October 19, 2019. |

If the Court awards fees that total less than the estimate above, unsecured creditors may receive a distribution that is more than the estimate set forth in Part 6. If the Court awards fees that total more than the estimate above, Debtor(s) may file a motion to modify the confirmed plan to provide for those additional fees. If the Court approves the modification, unsecured creditors may receive a distribution that is less than the estimate set forth in Part 6. The actual amount of the monthly installment will be calculated by the trustee based on the Court's fee order.

**3.3 Domestic support obligations to be paid in full.**
■ *No such claim owed.*

_____   $_____   $_____ at $_____ per month.

**3.4 Domestic support obligations assigned to or owed to a governmental unit and that may be paid *less than* the full amount.**
■ *No such claim owed.*

**3.5 Other priority claims.**

The priority claims under 11 U.S.C. § 507 listed below will be paid in full during the plan term, without interest, through disbursements by the trustee:
■ *No such claim owed.*

2

## Part 4. Executory Contracts and Unexpired Leases

### 4.1 Assumptions.
■ *None to assume.*

### 4.2 Rejections.
*None to reject.*

Debtor(s) rejects( ) the following executory contracts and unexpired leases. Any claim arising from a rejection will be treated as a general unsecured claim in Part 6.

| Name of lessor or other party to contract | Description of leased property or subject of executory contract |
|---|---|
| _____ | _____ |
|  | _____ |

## Part 5. Treatment of Secured Claims

### 5.1 Claims secured only by Debtor's(s') principal residence.
*No such claim owed.*

### 5.2 Claims fully secured by real or personal property, excluding claims in Parts 5.1 and 5.4.
☐ *No such claim owed.*

Any arrearage on the claim(s) listed below will be paid in full during the plan term through disbursements by the trustee, with interest, if any, at the rate stated. If there is no arrearage, "none" is inserted. Debtor(s) will make the current installment payments to the creditor(s) during the plan term and thereafter, as may be necessary. Unless otherwise stated, the balance owed and Debtor's(s') current installment payments, as to the amount, the rate of interest, and the length of the repayment term, will be consistent with the written agreement between Debtor(s) and the creditor and may occasionally change pursuant to the agreement's terms.

Unless otherwise ordered by the Court, the amount of the arrearage and the balance owed

3

stated below are controlling and, if the value of the creditor's collateral exceeds the amount of its allowed claim, the balance owed includes interest and other allowances provided by 11 U.S.C. § 506(b), unless the creditor has otherwise agreed.

A creditor listed below will retain its lien or other encumbrance on the collateral stated until the creditor's claim is paid in full pursuant to the written agreement between Debtor(s) and the creditor, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor.

If the Court grants a creditor listed below relief from the automatic stay regarding the collateral described below, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Name of creditor and description of collateral | Arrearage, if any, and payment terms ["none" inserted if no arrearage] | Balance, excluding any arrearage, and current installment terms |
|---|---|---|
| Auto Loan Acceptance<br>2005 Chevy Trailblazer<br>_____<br>_____ | $ 0.00   at $0.00.00 per month for  months, which includes interest at ___0_%. | $3,231.00(est) at $450.00 per month for 7 months, which includes interest at agreement rate. |

**5.3   Claims partially secured by real or personal property as provided by 11 U.S.C. § 506(a).**
■*No such claim owed.*

**5.4  Secured claims excluded from 11 U.S.C. § 506.**
*No such claim owed.*

A creditor listed below holds a claim that either was incurred within 910 days before the petition date and is secured by a purchase money security interest in a motor vehicle acquired for personal use or was incurred within one year of the petition date and is secured by a purchase money security interest in any thing of value. These claims will be paid in full pursuant to the written agreement between Debtor(s) and the creditor. During the plan term, the installment payments will be made by the trustee. After the plan term, any remaining installment payments will be made by Debtor(s) directly to the creditor. A creditor listed below will retain its lien or other encumbrance on the collateral stated until the claim is paid in full, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor. Unless otherwise ordered by the Court, the claim amounts stated below are controlling.

If relief from the automatic stay is granted to a secured creditor listed below as to the

4

collateral described below, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Name of creditor and description of collateral | Total claim | Current installment term |
| --- | --- | --- |

**5.5 Surrender of collateral and relief from stay; continuation of co-debtor stay.**
■ *No collateral to be surrendered.*

## Part 6. Treatment of Unsecured, Nonpriority Claims

☐ *No such claim owed.*

After making the disbursements described in Parts 3, 4.1, and 5, the trustee will distribute the balance of the plan payments and other funds received from Debtor(s), including any tax refunds and disposable income committed to the plan, to creditors holding unsecured, nonpriority claims who timely file a proof of claim on or before the deadline established by Federal Rule of Bankruptcy Procedure 3002(c).  If a creditor holding an unsecured, nonpriority claim receives appropriate notice of the case but fails to timely file a proof of claim, that creditor's claim will be discharged to the extent set forth in 11 U.S.C. § 1328(a) when Debtors complete all plan payments.  If all unsecured, nonpriority creditors known to Debtors timely file proofs of claim, each creditor holding an unsecured, nonpriority claim will receive approximately 2 % of its allowed claim.

Attached to this plan as Exhibit B and incorporated by reference is Debtor's(s') liquidation analysis showing the total payments under this section to creditors holding unsecured, nonpriority claims will be at least as much as these creditors would receive if Debtors' nonexempt assets were liquidated in a case under chapter 7 of the bankruptcy code.

## Part 7. Other Provisions

**7.1 Property of the estate.**  Unless otherwise ordered by the Court, property of the bankruptcy estate will vest with Debtors upon confirmation of the plan.

**7.2 Changes in Debtor's(s') income and expenses.**
■ *No post-petition changes in income or expenses.*

**7.3 Taxes.**  During the plan term, Debtor(s) will timely file all tax returns required by any governmental entity and will provide a copy of each return to the trustee at the same time the return is filed.  During the plan term, Debtor(s) will also pay when due any tax imposed by any governmental entity.

## Part 8. Nonstandard Provisions

- *None.*

A nonstandard provision is a provision not otherwise included in Appendix 3A of the local bankruptcy rules for the District of South Dakota. Pursuant to Federal Rules of Bankruptcy Procedure 3015(c) and 3015.1(e)(1), nonstandard provisions are set forth in this part only. Any nonstandard provision set forth elsewhere in this plan is ineffective.

This plan includes the following nonstandard provisions:
NONE_____

## Part 9. Signatures of Debtor(s) and Attorney for Debtor(s)

*By signing and filing this plan, Debtors, if not represented by an attorney, or the attorney for Debtors certifies the plan does not contain any nonstandard provisions other than any set forth in Part 8.*

Dated: October 1, 2019.

*/s/ Tyra Lee Austin*

Tyra Lee Austin


Dated: October 1, 2019.


*/s/ John H. Mairose*
John H. Mairose
Attorney for Debtor
2640 Jackson Blvd., Ste. 3
Rapid City SD 57702
605/348-7836
605/348-9802 - Fax
Mairoselaw@msn.com




## Exhibit A. Summary of Debtor's(s') Payments to Trustee and Trustee's Disbursements

**A.1 Debtor's(s') payments to trustee under plan.**

6

```
     $160.00 per month for 36 months, for a total of      $5,760.00 (gross)
          Less trustee's fee (approx. 9.091% of gross)    $  523.64
     Available for distribution                           $5,236.36
```

Debtor(s) has(have) also committed tax refunds for tax years 2019, 2020, 2021, and disposable income from October 19, 2019 through September 19, 2022 to plan payments, which may increase the funds available for distribution.

**A.2 Trustee's total disbursements under plan.**

| | | |
|---|---|---|
| Administrative expenses | attorney for Debtor(s) | $4,000.00 |
| | _____ | $_____ |
| Other priority claims (listed by creditor) | | $0.00 |
| Leases and executory contract arrearage payments (listed by lessor or other party to contract) | _____ | $0.00 |
| Secured claims arrearage payments (listed by creditor) | _____ | $0.00 |
| Unsecured, nonpriority claims (as scheduled, unless proof of claim deadline has expired) | | $1.236.36 |
| Total disbursements by trustee under plan | | $5,760.00 |

## Exhibit B. Debtor's(s') Liquidation Analysis

| | Market Value | Total of Valid Encumbrances | Claimed Exemptions | Equity |
|---|---|---|---|---|

**Real Property Interests** (by parcel, from Schedule A/B, Part 1)

| | | | | |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |

**Vehicles, Trailers, Etc.** (by item, from Schedule A/B, Part 2)

| | | | | |
|---|---|---|---|---|
| 2005 Chevy Trailblazer | $3,000.00 | $3,231.00 | $ 0.00 | $0.00 |

**Personal and Household Items** (not itemized, from Schedule A/B, Part 3)

| | | | | |
|---|---|---|---|---|
| | $4,448.00 | $0.00 | $4,448.00 | $0.00 |

**Financial Assets** (not itemized, from Schedule A/B, Part 4)

$3700.00          $0.00          $3,700.00    $0.00

**Business-related Property** (excluding farm/ranch property; not itemized, from Schedule A/B, Part 5)

$_____    $_____    $_____  $_____

**Farm/Ranch-related Property** (not itemized, from Schedule A/B, Part 6)

$_____    $_____    $_____  $_____

**Other Property Interests** (by item, from Schedule A/B, Part 7)

    Total equity:                                                  $0.00

        Less 20% liquidation costs                 $

        Less chapter 7 trustee fees
        per 11 U.S.C. § 326(a)                          $

    **TOTAL AVAILABLE FOR DISTRIBUTION**           $    0.00